

Buchwald

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
SALVATORE TARANTO, as Parent and Legal       : ECF CASE
Guardian of Matthew Taranto, and MATTHEW     :
TARANTO, Individually,                       : 09 CV 7067 (NRB)(MHD)
                                             :
                    Plaintiffs,              : **CONFIDENTIALITY**
                                             : **STIPULATION AND ORDER**
        - against -                          :
                                             :
FEDCAP REHABILITATION SERVICES, INC.,        :
                                             :
                    Defendant.               :
------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, pursuant to Federal Rule of Civil Procedure 26(c) and subject to the approval of the Court, that the following stipulation and order (the "Stipulation") shall govern the handling of confidential and proprietary information produced by any party (the "Producing Party") during this litigation.

1.  In responding to a request for discovery, the Producing Party may designate as "Confidential" any documents, information or deposition testimony that it believes in good faith to contain confidential or proprietary information. For purposes of this Stipulation, information considered to be confidential or proprietary includes, but is not limited to: (1) salary and personnel records of current and former employees, (2) rehabilitation and medical records maintained by Fedcap; and (3) Fedcap's business, financial, or other information that is not generally available to the public and (5) medical records (collectively "Confidential Material").

2.  Any party shall have the right to designate any documents or information received from the other party or from third-parties as "Confidential" if the documents or information originated with or were created by the designating party.

3. Confidential Material shall be used by the party to whom it is produced (the "Receiving Party") solely for purposes of this litigation and shall not be used for any other purpose during or after this litigation, nor shall it be disclosed to any third parties, except as set forth in this Stipulation or required by Court order.

4. The designation of material as Confidential Material for purposes of this Stipulation shall be made in the following manner:

(a) in the case of documents, exhibits, briefs, memoranda or other materials (apart from depositions or other pretrial testimony): by stamping "Confidential" on the first page of any material containing any Confidential Material; and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure that such testimony shall be treated as Confidential Material or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a copy of the transcript thereof that such testimony shall be treated as Confidential Material. In both of the foregoing instances, counsel shall direct that the appropriate designation of "CONFIDENTIAL" be prominently affixed to the original and all copies of each transcript page that contains any Confidential Material. The cover of each deposition transcript that contains Confidential Material shall bear the legend: "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL."

5. If the Receiving Party has an objection to a Confidential designation, the Receiving Party shall notify the Producing Party of its objection. The notification must be in writing and must detail the basis for such objection. After receiving the notification, if the Producing Party continues to believe that the information and/or documents should be designated Confidential, the Producing Party shall, within 21 days of receiving the notification, apply to the Court for an order designating the material as Confidential. The burden shall be on the

Producing Party to show why its designation is proper. The information and/or documents shall be treated as Confidential Material pending a decision by the Court.

6. Once Confidential Material is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the litigation:

(a) outside counsel or in-house counsel who represent parties in the litigation, and employees of counsel assisting in the conduct thereof for use in accordance with this Stipulation;

(b) officers, directors, partners or employees of any party hereto who are performing duties in connection with the litigation;

(c) experts or consultants assisting counsel for those parties, pursuant to paragraphs 7 and 8 of this Stipulation;

(d) potential or anticipated witnesses or deponents and their counsel, pursuant to paragraphs 7 and 8 of this Stipulation;

(e) the Court, pursuant to paragraphs 9 and 10 of this Stipulation; and

(f) court reporters employed in connection with the litigation.

7. Any person may be examined as a witness at trial or during a deposition concerning any Confidential Material, subject to compliance with paragraphs 8 and 10 herein.

8. Before the Receiving Party or its counsel may show or disclose Confidential Material to any witness, expert or consultant, that witness, expert or consultant shall be provided a copy of this Stipulation. Such persons shall be required to confirm their understanding and agreement to abide by the terms of this Stipulation by signing a copy of Exhibit A hereto, which copy shall be maintained by counsel for the party retaining the expert or consultant or the counsel who is examining or interviewing the witness. If a witness refuses to

execute a copy of Exhibit A hereto prior to the Confidential Material being shown or disclosed to such witness then the Receiving Party shall seek and obtain appropriate relief from the Court prior to showing or disclosing the Confidential Material to such witness. Any disclosure of Confidential Material to witnesses, experts and/or consultants must be necessary, in the opinion of counsel for the Receiving Party, for the conduct of the litigation. Such opinion shall not affect the right of the producing party to seek relief from the Court if the producing party believes that the disclosure was not necessary to the conduct of the litigation.

9. If the Receiving Party intends to use Confidential Material in connection with any papers to be filed with the Court, the Receiving Party shall seek to file such Confidential Material under seal. To the extent possible, Confidential Material and non-Confidential Material shall be filed separately, and a party shall seek to file only Confidential Material under seal.

10. If any party wishes to use Confidential Material during trial of this action, the parties will, before trial, confer in good faith to attempt to agree upon a method to protect such Confidential Material. If the parties are unable to reach agreement, the party opposing the use of such Confidential Material may seek a Court Order protecting such Confidential Material during trial. The parties agree to abide by the terms of this Stipulation pending resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of trial.

11. Entering into, agreeing to, producing or receiving Confidential Material under, or otherwise complying with this Stipulation shall not be construed as a waiver of any party's rights:

(a) to object to the production of documents that it considers not subject to discovery;

  (b) to petition the Court for a further protective order relating to any Confidential Material;

  (c) to seek a Court determination whether any documents or testimony constitute Confidential Material under the terms of this Stipulation; or

  (d) to object to the introduction of any Confidential Material as evidence at any hearing or trial in this matter.

  12. The parties to this Stipulation may agree in writing to alter or waive the provisions or protections provided for herein with respect to particular discovery material.

  13. The inadvertent failure to designate a document as "Confidential" at the time of disclosure shall not be deemed a waiver of the Producing Party's claim of confidentiality. The Producing Party may cure such an inadvertent failure upon written notice to the other party.

  14. The parties agree to be bound by the terms of this Stipulation pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of the Stipulation's terms shall be subject to the same sanctions and penalties as if the Stipulation had been entered by the Court.

  15. If a Receiving Party is served with a demand, subpoena or other legal process in any other action that seeks discovery material which was produced or designated as "Confidential" by the Producing Party, the Receiving Party shall give prompt written notice, by hand or facsimile transmission, within three (3) business days of receipt of such demand, subpoena or other legal process to the Producing Party and shall not produce such Confidential Material until any objections to such production are resolved, unless to do so would require the receiving party to violate an order from a court of competent jurisdiction.

  16. Within thirty (30) days after the conclusion of the action, including all appeals, all Confidential Information and all copies thereof shall be returned to counsel for the

Designating Party at the Recipient Party's expense, and at the request of the Designating Party, with the exception that the Parties' counsel may maintain one copy of the Confidential Information in the file related to this action for the purpose of maintaining a complete case file, and not for any other purpose. In lieu of returning all Confidential Information, the Recipient Party may destroy such Confidential Information. Any Confidential Information retained by counsel pursuant to this paragraph shall remain subject to the requirements of this Agreement. Counsel shall make reasonable efforts so that all experts and consultants it has retained abide by this provision.

New York, New York
~~January~~ ___, 2010
Feb 19, 2010

| WOLIN & WOLIN | EPSTEIN BECKER & GREEN, P.C. |
|---|---|
| By: _____ <br> Alan E. Wolin, Esq. | By: _____ <br> Lauri F. Rasnick <br> Anna A. Cohen |
| 420 Jericho Turnpike, Suite 215 <br> Jericho, New York 11753 <br> (516) 938-1199 <br> wolinlaw@aol.com <br> *Attorneys for Plaintiffs* | 250 Park Avenue <br> New York, New York 10177 <br> (212) 351-4500 <br> lrasnick@ebglaw.com <br> acohen@ebglaw.com <br> *Attorneys for Defendant* |

SO ORDERED:

_____
Hon. Naomi Reice Buchwald, U.S.D.J.

## EXHIBIT A

Agreement To Be Bound By Confidentiality Stipulation And Order.

The undersigned, _____, hereby acknowledges that he or she received a copy of the Confidentiality Stipulation and Order entered by the United States District Court for the Southern District of New York in the matter of *Salvatore Taranto, et al. v. Fedcap Rehabilitation Services, Inc.*, 09 CV 7067, has read the Confidentiality Stipulation and Order and agrees to be bound by the terms thereof.

_____
Name

Address:

_____

_____

Dated: _____